COMMONWEALTH vs. ROBERT W. LEONARD.

Hampshire.  November 2, 1987. — January 7, 1988.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Motor Vehicle,* Operating under the influence. *Evidence,* Admissions and confessions. *Practice, Criminal,* Required finding.

At the trial of a complaint charging operation of a motor vehicle while under the influence of intoxicating liquor, there was insufficient evidence to warrant submission of the case to the jury where, apart from the defendant's uncorroborated admissions, while highly intoxicated, to two State police officers, there was no evidence that he had operated the vehicle at a relevant time. [472-473]

COMPLAINT received and sworn to in the Northampton Division of the District Court Department on July 1, 1985.

On appeal to the jury session of that court, the case was tried before *Salvatore A. Polito,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William C. Newman (Steven C. Schlang* with him) for the defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the Commonwealth.

LIACOS, J.  The defendant, Robert W. Leonard, appeals from a conviction by a jury of six on a complaint for operating a motor vehicle while under the influence of intoxicating liquor. G. L. c. 90, § 24 (1986 ed.). He appeals, claiming error on three grounds: (1) The trial judge improperly refused to rule on the defendant's motion to suppress his statements to the investigating police officers; (2) the judge failed to make a finding that his statements to the police officers were voluntary prior to allowing evidence of them to be submitted to the jury; and (3) the judge erred in denying the defendant's motion for a

required finding of not guilty. We transferred the case here on our own motion. We decide the appeal on the last allegation of error and, thus, do not consider the first two allegations. We conclude that there was insufficient evidence to warrant submission of the case to the jury; hence, we set aside the judgment and remand the case for entry of a judgment of acquittal.

At trial, the defendant conceded that he was intoxicated and that Route 91 is a public way. Both parties agree that the only issue contested was whether the defendant had been operating the vehicle. The facts adduced at trial with regard to the operation of the vehicle are these. On the evening of June 29, 1985, Gregory Beckley and three friends were driving on Route 91 in Northampton when they observed the defendant and his wife fighting on the side of the road near a parked automobile. Beckley and two other passengers got out of the van and approached the Leonards, while the driver continued on to call the police. The defendant shouted at his wife, who had possession of the automobile keys, "Give me the keys," "Give me back the f------- keys." Shortly thereafter, three State police cruisers arrived.

Beckley and Trooper John F. Keenan, Jr., testified that, when Keenan arrived at the scene, the defendant was sitting in the front seat of the automobile with his wife on his lap. The defendant was trying to put the key in the ignition, and his wife was struggling to stop him. The troopers physically removed the defendant from the automobile and placed him in protective custody in Trooper Keenan's vehicle. The defendant's wife asked for her cigarettes, and they were retrieved from the floor on the passenger side of the automobile.

Trooper Keenan drove the defendant to the Northampton State police barracks and, while en route, gave him Miranda warnings. The defendant indicated that he understood the rights. Keenan then asked the defendant what had happened that evening. The defendant said that he had picked up his wife at her place of employment and, while he was driving, their argument commenced.

The defendant did not testify. His wife, then estranged from the defendant, testified that she had been driving and that it was her vehicle. Trooper Peter Higgins was called on rebuttal, and he testified that Mrs. Leonard had indicated previously that the defendant had been driving. This testimony was admitted solely for the impeachment of Mrs. Leonard's testimony.

The only evidence on the contested issue of operation in this case was the defendant's admissions to Keenan and Higgins that he was driving. These statements were made while the defendant was highly intoxicated. There was also evidence that the defendant was not arrested at the scene for driving under the influence. While being booked at the Northampton State police barracks, he denied that he was the operator of the vehicle.

The testimony of Mrs. Leonard also indicated that she had not consumed any alcoholic beverage,[1] that the defendant came to her place of employment shortly before the incident on Route 91, and that she refused to let him drive because he was greatly intoxicated. Further, she testified that he became agitated while they were traveling in the vehicle, and that he did physical damage to the vehicle before she had pulled over to the side of the road. The interior physical damage to the vehicle corroborated her testimony, as it was largely on the passenger side.

The defendant moved for a required finding of not guilty at the close of the Commonwealth's case and when he rested. The motions were denied. Posttrial motions for a new trial and for reconsideration also were denied.

In *Commonwealth* v. *Forde,* 392 Mass. 453, 457 (1984), we stated, as to an extrajudicial confession, that we would adopt the majority rule of this nation that an uncorroborated confession is "insufficient to prove guilt." We indicated our view that "the majority rule has much to commend it, in that it precludes the possibility of conviction of crime based solely on statements made by a person suffering a mental or emotional disturbance or some other aberration." *Id.* The "statements" of

---

[1] There was no evidence to contradict this testimony.

the defendant in this case fall short of being a confession of all the elements of guilt but are admissions pertaining to the only contested issue. That Route 91 was a public way was stipulated. That the defendant was highly intoxicated was shown by the evidence of both the prosecution and the defendant. This fact was not contested.[2]

The only contested issue of fact was whether he had operated the vehicle. Apart from his statements, there was no such evidence. The Commonwealth claims that his demand that his wife "give . . . back" the keys, together with the wife's cigarettes being found on the floor of the passenger side of the front compartment, suffice to corroborate the defendant's statements. We are unpersuaded. The inference to be drawn from the location of the cigarettes is speculative, especially since there was a struggle inside the vehicle. The defendant's demand that his wife "give . . . back" the keys is ambiguous and speculative also, in light of the fact that the defendant had been allowed to operate the vehicle earlier in the day.

Returning to *Forde,* we noted that the corroborative evidence we would require is "some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary." *Id.* at 458. There was no such evidence in this case. Thus, it was error to deny the defendant's motion for a required finding of not guilty.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

---

[2] There also was evidence that the defendant was highly agitated, that he had assaulted his wife, that he had threatened both the State troopers and bystanders seeking to give assistance, and that he had climbed on the hood of the vehicle and had shattered the windshield.