JOHN DOE *vs.* ATTORNEY GENERAL & another[1] (No. 2).

Hampden. March 4, 1997. - June 12, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, O'CONNOR, GREANEY, FRIED, & MARSHALL, JJ.

*Practice, Civil,* Injunctive relief. *Injunction. Constitutional Law,* Sex offender, Ex post facto law, Double jeopardy. *Criminal Offender Record Information.*

Where G. L. c. 6, § 178I, a portion of the so-called sex offender act, contains no explicit remedial public purpose, a Superior Court judge did not abuse her discretion or err as a matter of law in granting preliminary injunctive relief to a person convicted in 1989 and 1995 of open and gross lewdness (G. L. c. 272, § 16), enjoining the Commonwealth from enforcing, implementing or complying with the provisions of the statute with respect to that person, on the ground that § 178I imposes punishment in violation of the constitutional prohibitions against double jeopardy and ex post facto laws. [219-222]

CIVIL ACTION commenced in the Superior Court Department on October 15, 1996.

The case was heard by *Constance M. Sweeney,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Loretta M. Smith,* Assistant Attorney General (*H. Gregory Williams,* Assistant Attorney General, with her) for the Attorney General & another.

*William T. Walsh, Jr.,* for the plaintiff.

*Carol A. Donovan & Mary Lisa Bonauto* for the Committee for Public Counsel Services & another, amici curiae, submitted a brief.

*Joseph B. Lichtblau* for Janet A. & another, amici curiae, submitted a brief.

WILKINS, C.J. On November 19, 1996, a judge in the Superior Court issued a preliminary injunction enjoining the

---

[1] The criminal history systems board.

Commonwealth, its agents, employees, and representatives "from enforcing, implementing and complying with the provisions of G. L. c. 6, § 178I (as inserted through St. 1996, c. 239)," as to the plaintiff. Section 178I, a portion of the so-called sex offender act (St. 1996, c. 239), is set forth in the margin.[2] That section directs the criminal history systems board (board) to make available, on the request of an adult who identifies himself or herself, a report indicating whether a person "identified by name, date of birth or sufficient personal identifying characteristics" is a sex offender, the offense or offenses committed, and the date of each conviction or adjudication.

We do not have a record of any facts presented to the judge beyond those in the verified complaint. The adult plaintiff was convicted in 1989 and again in 1995 of the crime of open and gross lewdness (G. L. c. 272, § 16). The plaintiff's complaint alleged that his 1989 conviction occurred as a result of his masturbating in a supposedly sheltered area of a Springfield department store. He alleged that his 1995 conviction occurred as a result of his masturbating in a motor vehicle while traveling on Route 91. In each case, the plaintiff pleaded guilty to the charge of open and gross lewdness and was granted probation. Open and gross lewdness is a "sex offense." G. L. c. 6, § 178E (h). He states that he is married and has a young child.

The plaintiff contends that the sex offender act, on its face and as applied to him, violates various provisions of the State

---

[2]General Laws c. 6, § 178I, reads as follows: "Any person who is eighteen years of age or older, upon the verification of his age and identity, shall receive at no cost from the [criminal history systems board] a report which indicates whether an individual identified by name, date of birth or sufficient personal identifying characteristics is a sex offender as defined in section one hundred and seventy-eight C, the offenses for which he or she was convicted or adjudicated, and the dates of said convictions or adjudications. Any records of inquiry shall be kept confidential; provided, however, that the records may be disseminated to assist any criminal prosecution.

"All reports to persons making inquiries shall include a warning regarding the criminal penalties for use of sex offender registry information to commit a crime or to engage in illegal discrimination or harassment of an offender and the punishment for threatening to commit a crime under the provisions of section four of chapter two hundred and seventy-five."

and Federal Constitutions.[3] He was successful in obtaining preliminary injunctive relief, however, only as to the operation of § 178I of the sex offender act. He has not appealed, and, therefore, we do not consider his various constitutionally based arguments except as they bear on the defendants' appeal (G. L. c. 231, § 118, second par.) from the order granting preliminary injunctive relief against the implementation of § 178I as to the plaintiff. We transferred the defendants' appeal to this court.

The judge granted preliminary injunctive relief on the ground that § 178I imposes punishment on the plaintiff in violation of the constitutional prohibitions against double jeopardy and ex post facto laws. She determined that the availability of information from the board to any adult presenting identification, with no requirement that the adult provide any reason for seeking the information, is punitive, at least with respect to a person convicted of open and gross lewdness. She concluded that the "plaintiff has demonstrated a likelihood that he will prevail on his claim that § 178I serves no remedial purpose, is not designed to protect the public, and is likely to further punish the offender for his crime by making him subject to public derision and contempt." We affirm the order granting the preliminary injunction.

Our function on review of the grant of a preliminary injunction is to determine whether the judge abused her discretion, which includes considering whether she applied proper legal standards. *Packaging Indus. Group, Inc.* v. *Cheney*, 380 Mass. 609, 615 (1980). There was no testimony, and thus there is no credibility issue on which we would defer to the judge. *Id.* at 616. We deal with a question of law on a limited factual record.

The Supreme Court recently considered constitutional principles involving double jeopardy in *United States* v. *Ursery*, 518 U.S. 267 (1996). The Justices of this court have recently discussed ex post facto and double jeopardy principles in light of the *Ursery* opinion in *Opinion of the Justices*, 423 Mass. 1201 (1996), which considered aspects of a

---

[3]His arguments include the denial of equal protection of the laws and due process of law, the imposition of punishment in violation of double jeopardy and ex post facto principles, and cruel and unusual punishment.

proposed sex offender act, although not the issue before us.[4] We shall briefly review the salient principles.[5] Ex post facto principles and double jeopardy principles, as they apply here, raise the question whether the operation of § 178I imposes punishment in a constitutional sense. *Opinion of the Justices, supra* at 1221. Some laws that have a remedial or regulatory purpose may cause adverse, even severely adverse, consequences for an individual but not impose punishment in the constitutional sense. *Id.* at 1220-1221. If a law is intended to be remedial (as is the case on this record), it is penal only if the statutory scheme is so punitive in effect as to negate the legislation's remedial intention. *Ursery, supra* at 278. *Opinion of the Justices, supra* at 1221. We must consider the remedial or regulatory purpose of § 178I and the effect of § 178I on the plaintiff. *Opinion of the Justices, supra* at 1223-1224. The harsher the measure bears on a person, the more urgent and "the more soundly rooted in fact rather than prejudice and conjecture must be the [regulatory] concern." *Id.* at 1224.

The weakness of § 178I as a remedial measure is revealed by comparing it to the provisions of § 178J. While § 178J explicitly identifies a remedial objective in the dissemination of sex offender information, § 178I does not. Section 178J requires the person requesting sex offender registry information to state that the information is needed "for his own protection or for the protection of a child under the age of eighteen or another person for whom said inquirer has responsibility, care or custody." G. L. c. 6, § 178J (*a*) (iii). Although both § 178I and 178J require that any report issued include a warning regarding "the criminal penalties for use of sex offender registry information to commit a crime or

---

[4]The language appearing in § 178I was not in the proposed bill as to which questions were asked by the Senate.

[5]The ex post facto clause of the United States Constitution (art. I, § 10) is implicated when the government seeks retroactively to apply legislation that inflicts greater punishment than the law provided for when the crime was committed. *Calder* v. *Bull*, 3 U.S. (3 Dall.) 386, 390 (1798). See art. 24 of the Massachusetts Declaration of Rights.

Double jeopardy principles, among other things, prohibit the government from imposing multiple punishments for a single crime. *United States* v. *Ursery*, 518 U.S. 267, 273 (1996). Although there is no explicit double jeopardy provision in the Constitution of the Commonwealth, the requirement of due process of law no doubt embraces aspects of the concept of double jeopardy. See *Commonwealth* v. *Forte*, 423 Mass. 672, 674 (1996).

to engage in illegal discrimination or harassment of an offender," only § 178J provides that the record of an inquiry "shall state, before the signature of the inquirer: 'I understand that the sex offender registry information disclosed to me is intended for my own protection or for the protection of a child under the age of eighteen or another person for whom I have responsibility, care or custody.' " G. L. c. 6, § 178J (a) (iv).

Section 178J identifies a remedial purpose that may be served by the disclosure of sex offender registry information. The inquirer must acknowledge that he requests information for his protection or for the protection of one for whom he is responsible. The privilege extended by § 178J may be abused, but the presumption, at least before trial, should be that § 178J will operate as intended.

Section 178I, however, contains no explicit remedial or regulatory purpose. Any adult, merely by presenting identification, may obtain sex offender registry information from the board for any reason or for no reason at all. The board's disclosures under § 178I are not limited to serving some worthy public purpose.[6] Perhaps, at trial, the defendants will be able to demonstrate that in practice disclosures under § 178I of the plaintiff's convictions of open and gross lewdness will serve a remedial public purpose.[7]

The question then is whether disclosure of the plaintiff's sex offender registry information pursuant to § 178I imposes punishment in a constitutional sense. The defendants argue that there is no evidence that the plaintiff will be harmed by any § 178I disclosure. The possibility exists, however, that a

---

[6]One Federal judge, in a thoughtful opinion, has concluded that the requirements of § 178J apply equally to § 178I. Doe v. Weld, 954 F. Supp. 425, 435 (D. Mass. 1996). She did so as a matter of statutory construction, and, alternatively, she read the requirements of § 178J into § 178I in order to adopt an interpretation that "is clearly in accordance with the provisions of the Constitution." Id. at 435 n.6. The defendants do not argue to us that the limitations and safeguards of § 178J should be read into § 178I. If the Legislature intended that the requirements of § 178J are to apply to an inquiry under § 178I, it is unclear why some but not all the requirements of § 178J are included in § 178I in substantially identical language.

[7]In a ranking of the sex offenses defined in G. L. c. 6, § 178C, the crime that the plaintiff committed ranks at or near the bottom in seriousness. It involves neither physical harm nor the threat of physical harm. It is not, however, a victimless crime. See Commonwealth v. Fitta, 391 Mass. 394, 396 (1984).

person with no remedial motive will obtain sex offender registry information and reveal it to the plaintiff's detriment. The potential harm to the plaintiff in his employment or in his community, or both, from the use of such information for other than personal protection is substantial. Once the plaintiff is harmed, at best it will not easily be remediable.

We balance the limited risk to the public in the issuing of the preliminary injunction against the risk of harm to the plaintiff if the preliminary injunction is not issued. We also consider the absence of any apparent remedial purpose to be served by the general availability of information pursuant to § 178I. We then conclude that the judge did not abuse her discretion, or err as a matter of law, in issuing the preliminary injunction.

The order granting a preliminary injunction to the plaintiff is affirmed.

*So ordered.*