Xifaras, J.
The plaintiffs in this matter wish to permanently enjoin the defendants from enforcing the sex offender registration and notification requirements of G.L.c. 6, §§172C-172P (as amended September 10, 1999),[4] An Act Improving the Sex Offender Registry and Establishing Civil Commitment and Community Parole Supervision For Life For Sex Offenders (the “Act”). Plaintiffs argue that the Act’s registration and dissemination provisions impinge upon a protected liberty interest and therefore require due process protection sufficient to satisfy the requirements of the Fourteenth Amendment and art. 12 of the Massachusetts Declaration of Rights.[5] As a preliminary matter, defendants move to disqualify plaintiffs’ counsel, two public defender staff attorneys employed by the Committee for Public Counsel Services (“CPCS”), on the grounds that their participation in this action is beyond the scope of their statutory authority. Plaintiffs’ counsel opposes disqualification and argues (1) the defendants lack standing to move for disqualification, and (2) that CPCS is fully authorized to represent plaintiffs. For the reasons stated below, defendants’ motion is DENIED.
BACKGROUND
On September 10, 1999, in response to a series of rulings by the Supreme Judicial Court,[6] the Legislature amended the Commonwealth’s law requiring registration and classification of sex offenders. The amendment, titled An Act Improving the Sex Offender Registry and Establishing Civil Commitment and Community Parole Supervision For Life For Sex Offenders (the “Act”), G.L.c. 6, §§178C-178P, defines a sex offender as any person:
who resides or works in the commonwealth and who has been convicted of a sex offense or who has been adjudicated as a youthful offender or as a delinquent juvenile by reason of a sex offense or a person released from incarceration or parole or probation supervision or custody with the department of youth services for such a conviction or adjudication or a person who has been adjudicated a sexually dangerous person under section 14 of chapter 123A, as in force at the time of adjudication, or a person released from civil commitment pursuant to section 9 of said chapter 123A, whichever last occurs, on or after August 1, 1981.
C. 6, §178C. Currently, there are between 13,000 and 16,000 sex offenders in the Commonwealth.
Sex offenders must register with the Sex Offender Registry Board (the “Board”). To register, a sex offender must mail the Board his or her name, home address, and work address. Once registered with the Board, those with a permanent address must verify their information once a year. Those sex offenders residing in homeless shelters must verify their registration information every 90 days. Also, sex offenders must notify the Board of a new address 10 days prior to actually moving to that new address; and those who change jobs must notify the Board of their new work address 10 days prior to starting with a new employer.
*222 Plaintiffs Doe, Roe and Voe are sex offenders currently required to register with the Board. Plaintiffs Loe and Poe, sex offenders currently incarcerated, are required to register within two days of release from custody.
The Act requires that at some point following registration, the Board must classify each sex offender as a level one (lowrisk), two (moderate risk), or three (high risk) offender or conclude that the offender poses no risk to the community, and terminate that person’s registration requirement. Those classified as level two and level three offenders may no longer register through the mail. Instead those individuals must appear in person at their local police station to verify their addresses and have photos and fingerprints placed on file. Those classified as level one offenders may continue to register through the mail.
Classification proceedings are the first point at which offenders may be relieved of the duty to register with the Board. Offenders may submit material to the Board for consideration prior to the Board’s classification decision. Those classified as a level one, two or three offender, may request an evidentiary hearing before the Board to challenge the assigned classification level and their registration. If after the evidentiary hearing an offender is still dissatisfied with their final classification level and registration requirement, the offender may appeal the Board’s decision in accordance with §14 of c. 30A.
The Act provides plaintiffs’ counsel a good deal of authority. Under the Act, CPCS attorneys may represent offenders at their classification hearings. C. §178L. CPCS attorneys may also represent offenders in c. 30A proceedings seeking judicial review of the final classification determinations. C. 6, §178M. The Act also amends G.L.c. 21 ID, the CPCS enabling statute, to provide at §16 that:
The committee shall establish, supervise and maintain a system for the appointment of counsel for the provision of legal services for indigents subject to the sex offender registry classification system and resulting appeals pursuant to sections 178C to 178P, inclusive, of chapter 6.
C. 6, §10.
The parties agree that G.L.c. 21 ID, §5 defines the circumstances under which CPCS counsel may be appointed. G.L.c. 21 ID, §5 states:
[CPCS] shall establish, supervise and maintain a system for the appointment or assignment of counsel at any stage of a proceeding, either criminal or noncriminal in nature, provided, however, that the laws of the commonwealth or the rules of the supreme judicial court require that a person in such proceeding be represented by counsel; and, provided further, that such person is unable to obtain counsel by reason of his indigence.
The parties also agree that, under certain circumstances, CPCS may represent indigent defendants in appeals and related post-conviction remedies, even if not specifically authorized by statute or court rule. Quegan v. Massachusetts Parole Board, 423 Mass. 843, 839-40 (1996) (representation authorized for motions for new trials, sentence appeals, motions to revise and revoke sentences). See G.L.c. 21 ID, §14.
Finally, turning to the Act, the parties agree that it allows CPCS representation at classification hearings and c. 30A appeals. The parties also agree that G.L.c. 21 ID, §5 allows CPCS counsel to represent an indigent offender prosecuted under G.L.c. 6, §178H for failing to register.
From this substantial common ground, the parties move towards opposite compass points. Defendant argues that CPCS’s involvement in this litigation is ultra vires. Defendant reasons that CPCS’s involvement is unauthorized because not specifically allowed by either a law of the Commonwealth, rule of court, or case law. Commissioner of Revenue v. Marr Scaffolding Co., 414 Mass. 489, 493 (1993) (“An administrative board may act only to the extent that it has express or implied statutory authority to do so”).
None of the plaintiffs have been assigned a threat level. The earliest point the Act specifically authorizes CPCS representation, defendant reasons, is at threat level classification hearings held under c. 6, §178L. The earliest point CPCS attorney may make a constitutional challenge to the Act’s registration requirement, defendant argues, is during a c. 30A appeal from a threat level determination, authorized by c. 6, §178M; during an individual appeal, CPCS may raise a due process challenge to the registration and notification portions of the Act, but not before then.
That is not to say that defendant argues the issue is not ripe. Defendant believes this issue is ripe, and the plaintiffs are properly before the court. Defendant reasons that CPCS may not represent the plaintiffs at this time because it is not representation authorized by c. 6, §§178L or 178M, the provisions of the Act that define CPCS involvement in the sex offender process. Defendant would agree that if successful in their motion, substitute counsel could proceed with the due process challenge.
Plaintiffs argue that their enabling statute and the Act authorize their representation. First, plaintiff points to c. 21 ID, §5, the section of the CPCS enabling statute that authorizes appointment of counsel at “any stage of a proceeding, either criminal or noncriminal” when counsel is required. Next, plaintiff finds the necessary statutory authority in the Act’s amendment of c. 21 ID, §16, that allows for CPCS representation “for indigents subject to the sex offender registry classification system and resulting appeals pursuant to sections 178C to 178P, inclusive, of chapter 6.” Read together, plaintiffs argue, c. 21 ID, §§5 and 16 authorize CPCS to represent those making a preregistration *223 constitutional challenge to the registration requirement.
DISCUSSION
The parties present a question of statutory interpretation. What separates them is their reading of c. 21 ID, §16. “The committee shall establish, supervise and maintain a system for the appointment of counsel for the provision of legal services for indigents subject to the sex offender registry classification system and resulting appeals pursuant to sections 178C to 178P, inclusive, of chapter 6.” (Emphasis added.)
Defendant argues that c. 21 ID, §16 must be read in connection with c. 6, §§178L and 178M to mean that CPCS counsel may only represent offenders at classification hearings and at their c. 30A appeals from final classification determination. Plaintiffs argue that there is no explicit limitation to representation at classification hearings and appeals, and this court should not create one.
An agency has considerable leeway in interpreting its enabling statute. Grocery Manufactures of America, Inc. v. Department of Public Health, 379 Mass. 70, 75 (1979), citing Consolidated Cigar Corp. v. Department of Public Health, 372 Mass. 844, 850 (1977). CPCS’s authority is shaped by its organic statute, taken as a whole. Id., citing Opinion of the Justices, 368 Mass. 831, 834-35 (1975). So long as CPCS rationally interprets its statutory mandate, and acts accordingly, its reading of c. 21 ID should be respected. Boston Police Superior Officers Federation v. Boston, 414 Mass. 458, 462 (1993).
The language of c. 21 ID, §16 supports a broad reading of CPCS’s authority to represent offenders in all matters related to the Act. The statute authorizes CPCS to provide “legal services for indigents subject to the sex offender registry classification system,” which is a fair description of their participation in this due process litigation.
While defendant would have the court focus on c. 6, §§178L and 178M to limit CPCS representation, c. 21 ID, §16 does not lend itself to such a narrow reading. The scope of the amended c. 21 ID, §16 is the legal needs of “indigents subject to the sex offender registry system,” individual status, not subject matter, defines the statutory authorized scope of CPCS representation. The plaintiffs and those similarly situated are subject to the sex offender registry system and, therefore, are authorized CPCS representation to make a constitutional challenge to the Act’s implementation.[7]
I find that defendant has failed to establish that CPCS counsel should be disqualified for acting beyond their statutory authority. Accordingly, plaintiffs’ counsel is not disqualified from representing plaintiffs in this litigation.[8]
ORDER
For the forgoing reasons, the Attorney General’s motion to disqualify plaintiffs’ counsel is DENIED

As inserted by St. 1999, c. 74.

On November 5, 1999, this court issued a temporary injunction staying the Act’s registration provisions [ 11 Mass. L. Rptr. 148],

See Doe v. Attorney General, 430 Mass. 155 (1999) (“Doe (No. 5)”); Doe v. Sex Offender Registry Board, 428 Mass. 90 (1998) (“Doe (No. 4)”); Doe v. Attorney General, 426 Mass. 136 (1997) (“Doe (No. 3)"); Doe v. Attorney General, 425 Mass. 217 (1997) (“Doe (No. 2)”); Doe v. Attorney General, 425 Mass. 210 (“Doe (No. 1)”).

Defendant's reliance on the reasoning in Doe v. Attorney General, Worcester Superior Court No. 97-00183-B, Memorandum of Decision and Order on Defendant Attorney General’s Motion to Disqualify (September 15, 1997) (Travers, J.), is misplaced. That case was decided prior to the Legislature’s amendment of c. 21 ID, §16, and therefore not subject to the analysis provided above.

I leave unaddressed plaintiffs' challenge to defendant’s standing to file this motion.