COMMONWEALTH *vs.* FRANK MIRANDA.

No. 00-P-917.

Plymouth. December 5, 2001. - April 16, 2002.

Present: BROWN, LENK, & COWIN, JJ.

*Sex Offender Registration and Community Notification Act. Sex Offender. Constitutional Law,* Sex offender. *Due Process of Law,* Sex offender.

This court concluded that the requirements of *Doe* v. *Attorney General,* 430 Mass. 155, 157-158, 165-168 (1999), applied to a defendant who had been adjudicated delinquent with respect to the offense of forcible rape of a child under G. L. c. 265, § 22A, and who was subsequently convicted of knowingly failing to verify sex offender registration information, as required by a prior version of G. L. c. 6, § 178H, whose statutory requirement of registration was subsequently held unconstitutional in *Doe;* that, in the absence of a prior individualized hearing or a proper regulation, the defendant could not be required to register under G. L. c. 6, § 178E; and that consequently he could not be convicted for a failure to register or to verify registration information under § 178H. [504-508]

COMPLAINT received and sworn to in the Brockton Division of the District Court Department on July 13, 1999.

The case was heard by *Gilbert J. Nadeau, Jr.,* J., and a motion to dismiss was heard by him.

*Robert C. Thompson,* Assistant District Attorney, for the Commonwealth.

*J. Whitfield Larrabee* for the defendant.

COWIN, J. The defendant was convicted in a bench trial of knowingly failing to register as a sex offender, or of knowingly failing to verify sex offender registration information, as required by G. L. c. 6, § 178H, as added by St. 1996, c. 239.[1]

---

[1] The defendant had previously been adjudicated delinquent with respect to the offenses of forcible rape of a child, G. L. c. 265, § 22A; indecent assault and battery on a child under fourteen, G. L. c. 265, § 13B; and assault and battery, G. L. c. 265, § 13A. Accordingly, he was required to register as a sex

The defendant's oral motion to dismiss the complaint on the ground that he could not be prosecuted because of constitutional defects in the then-existing sex offender registry law, which motion cited the just-decided *Doe* v. *Attorney General*, 430 Mass. 155, 157-158, 165-168 (1999) (*Doe* [No. 5]), was denied by the trial judge. Following his conviction, the defendant filed a motion for new trial, again relying principally on *Doe* (No. 5). This time the defendant's motion was allowed, but without explanation by the trial judge.[2]

Both parties appealed. The Commonwealth appealed from the order allowing the defendant's motion for new trial, arguing that, under the circumstances of the case, the defendant could not prevail on his proposition that he could not be prosecuted for failing to register absent prior administrative proceedings before the Sex Offender Registry Board. The defendant appealed from the judgment of conviction, asserting that his motion for a required finding of not guilty should have been allowed because the Commonwealth's case depended on an out-of-court admission that was insufficient to support a guilty finding by reason of the so-called "corroboration rule." See *Commonwealth* v. *Leonard*, 401 Mass. 470, 472-473 (1988). Because we conclude that the statutory requirement of registration that existed at the time in question was unconstitutional as applied to the defendant, we reverse the judgment of conviction. Accordingly, it is not necessary to address the defendant's contention that application of the corroboration rule rendered the evidence insufficient to support the conviction.

1. *Material facts.* The judge could permissibly have found the following facts. The defendant was released from his commitment to the Department of Youth Services in June, 1999. Later that month, he registered as a sex offender by providing the

offender pursuant to the provisions of G. L. c. 6, §§ 178C-178O, the Sex Offender Registration and Community Notification Act, as in effect in June, 1999, when he was released from the custody of the Department of Youth Services. Following the decision in *Doe* v. *Attorney General*, 430 Mass. 155, 157-158, 165-168 (1999) (*Doe* [No. 5]), the Act was amended in significant respects by St. 1999, c. 74. See *Roe* v. *Attorney General*, 434 Mass. 418 (2001). Further discussion of these decisions is set forth in the body of this opinion.

[2]The judge's endorsement on the motion refers to a review of the submissions of counsel.

relevant information at a Brockton police station and by signing the registration form. At that time, he gave his home address as 41 Clifton Avenue, Brockton. Shortly thereafter, the defendant reported to the Brockton police that someone had shot at him. In connection with that report, he gave his home address as 36 Highland Street, Brockton. One day later, the defendant was involved in an automobile accident. In the accident report he later filed with the Brockton police, he again stated that his home address was 36 Highland Street, Brockton.

Brockton police officers noticed the discrepancy and sought out the defendant. Failing to locate him at 36 Highland Street, they went to 41 Clifton Avenue, where they located him in the morning in his underwear, having apparently slept there the night before. The defendant stated that the 41 Clifton Avenue address was his parents' house; that he used it as a mailing address; and that he lived at 36 Highland Street.[3] The defendant was arrested, and on July 13, 1999, charged with violating G. L. c. 6, § 178H, by failing to register or verify registration information. He was tried and convicted on August 31, 1999. On October 21, 1999, the judge allowed the defendant's motion for new trial.[4]

2. *Discussion.* When the defendant registered[5] in June, 1999, the Sex Offender Registration and Community Notification Act adopted by the Legislature by means of St. 1996, c. 239, was in effect. While that statute was subjected to various limitations by the Supreme Judicial Court in 1997 and 1998,[6] its principal features were intact by the time the defendant registered in

---

[3]A police officer so testified. The defendant testified that he had resided continuously at 41 Clifton Avenue since his discharge from the department's custody, and denied that he told the police otherwise. The judge was of course entitled to credit the testimony of the police.

[4]There appears to have been no action on a subsequent motion of the defendant to dismiss the complaint altogether.

[5]We pass over the question of whether the provision by the defendant of his parents' address, at which he received mail and apparently stayed on occasion, constituted a failure to register or to verify registration information in the sense used in G. L. c. 6, § 178H. We assume for the sake of our discussion that the defendant violated the statute.

[6]See *Doe* v. *Attorney General,* 425 Mass. 217 (1997) (*Doe* [No. 2]); *Doe* v. *Attorney General,* 426 Mass. 136 (1997) (*Doe* [No. 3]); and *Doe, Sex Offender Registry Bd. No. 972* v. *Sex Offender Registry Bd.,* 428 Mass. 90 (1998) (*Doe* [No. 4]).

June, 1999. Thus, in relevant part, the statute required that the defendant register, G. L. c. 6, § 178E,[7] and provided that the defendant's identification as a sex offender would be publicly disseminated, G. L. c. 6, §§ 178I and 178J. The statute did not provide for any form of pre-registration or pre-dissemination proceeding to determine whether a given registrant was in fact likely to reoffend. *Doe* v. *Attorney General*, 430 Mass. 155, 163 n.17 (1999) (*Doe* [No. 5]). Accordingly, when the defendant registered, he became subject to a system that invited, without further inquiry, a "statutory branding of him as a public danger: a sex offender." *Id.* at 163.

Approximately two months after the defendant registered, and with the present charge already pending, the Supreme Judicial Court decided *Doe* v. *Attorney General*, 430 Mass. 155 (1999) (*Doe* [No. 5]). The plaintiff in that case, whose underlying delinquency adjudication had been for rape of a child, G. L. c. 265, § 23, argued that the sex offender registration statute was unconstitutional as applied to him because it provided for registration and public dissemination of the registration information without any prior determination, other than that implicit in the statute itself, that the plaintiff was in fact likely to reoffend. *Id.* at 161.

The Supreme Judicial Court agreed, holding that procedural due process entitled the plaintiff to a prior administrative determination whether he was in fact the kind of likely recidivist to whom the statutory registration and notification features were directed. The court stated, "We cannot presume, and are not able to conclude from the record before us, that every person convicted under G. L. c. 265, § 23, will present the same risk of reoffense or a significant threat to children. . . . [T]he Commonwealth . . . failed to establish that there are high recidivism rates for all of the subcategories of offenders who have engaged in one of the various conducts that supports conviction under G. L. c. 265, § 23." *Id.* at 164. Therefore, at least with respect to the variety of offenses to which § 23 applies, offenses ranging from the extremely serious to those of a type which pose little threat of reoffense, the statute could not constitutionally

---

[7]References are to the original version of the statute under which this prosecution proceeded.

subject all such offenders to its registration and notification requirements without regard to the nature of the defendant's underlying offense.

Such a determination could be made on the basis of an individualized hearing conducted before a defendant was required to register. However, the court recognized that "[s]ituations may exist . . . where the danger to be prevented is grave, and the risk of reoffense great, such that the promulgation of regulations narrowly tailored to allow for automatic registration may clarify and simplify the enforcement of the sex offender registration act in a manner that comports with procedural due process." *Id.* at 165. Those adjudicated delinquent or convicted under G. L. c. 265, § 23, are therefore entitled to individualized hearings to determine whether they must register *unless* they are governed by "regulations that identify with particularity for each subcategory of offender and offense the fit between the remedial measure sought by the Commonwealth . . . and the danger to be averted. . . ." *Id.* at 166.

There is no dispute that, at the time of the defendant's registration with the Brockton police, the Sex Offender Registry Board had neither made an administrative hearing available to him, nor promulgated a "narrowly tailored" regulation, or any regulation that identified the defendant as having committed an underlying offense that so clearly marked him as a risk to reoffend that a prior administrative proceeding was unnecessary. Because a prior hearing or a regulation of the kind described was constitutionally required before compulsory registration could be imposed on a defendant convicted under G. L. c. 265, § 23, see *Doe* (No. 5), *supra,* the question is whether such preconditions apply to one who, like the present defendant, has been convicted under a different statute, in this case G. L. c. 265, § 22A.

The Commonwealth asserts that we should not address the question because the defendant registered without objection, his violation being the providing of false information when he registered. In essence, the Commonwealth contends that the defendant's act of registering constitutes a waiver of any objection that he might have had to the statute's operation as it affected him, and that, to preserve such objection, he was required

to insist upon a hearing *before* he voluntarily submitted to the registration process. We believe that this creates an intolerably heavy burden where an unconstitutional statute and a criminal penalty are involved. We do not accept the proposition that a defendant loses his right to defend himself on the ground that a statute under which he may be imprisoned is unconstitutional as applied to him because he has at least partly abided by the statute rather than adopting the riskier course of violating the requirement altogether and mounting a legal challenge with, at that time, a questionable chance of success.

We hold that the requirements of *Doe* (No. 5) apply to this defendant; that, in the absence of a prior individualized hearing or a proper regulation, he could not be required to register under G. L. c. 6, § 178E; and that consequently he could not be convicted for a failure to register or to verify registration information under G. L. c. 6, § 178H. The key to the Supreme Judicial Court's decision in *Doe* (No. 5) is, in our view, the need to differentiate among the many different kinds of defendants, estimated to include between 13,000 and 16,000 persons in Massachusetts, see *Roe* v. *Attorney General*, 434 Mass. 418, 424 n.12 (2001), who are swept together by the provisions of the sex offender registry law. That *Doe* (No. 5) was the result of a complaint by a plaintiff convicted under G. L. c. 265, § 23, and the defendant in the present case was convicted under G. L. c. 265, § 22A, does not differentiate the effect of the sex offender registry law on them. Each was entitled to prior administrative action, either a hearing or the promulgation of a properly tailored regulation, before he could be required to register; and neither received it.

The Commonwealth argues that this defendant was convicted of a crime so serious, i.e., the forcible rape of a child, that it is clear that the board would be justified in providing by regulation that those who commit such an offense are a sufficient risk to reoffend that they can be required to register without a prior individualized administrative hearing. That may be; but, if so, then it is within the board's authority to say so by means of an appropriate regulation. The statute is not self-effectuating in this regard, nor is it the role of the courts to anticipate what the administrative treatment of this question may be. We note in

addition that the underlying offense of the plaintiff in *Doe* (No. 5) was rape of a child, with his adjudication based on his admission that he had twice forced a four year old girl to perform oral sex on him. *Doe* (No. 5), *supra* at 156.

Following *Doe* (No. 5), the Legislature revised the sex offender registry law considerably, among other things limiting the pre-hearing dissemination of registration information to law enforcement agencies only. See St. 1999, c. 74, in particular its enactment of G. L. c. 6, §§ 178I, 178J and 178K. Thus, public dissemination, as opposed to dissemination to law enforcement agencies, of registration information now does not take place until guidelines have been promulgated and classification hearings have been held. The new statutory scheme, insofar as it provides for pre-hearing registration and notification to law enforcement agencies only, has been upheld by the Supreme Judicial Court against a due-process challenge. *Roe* v. *Attorney General*, *supra* at 419-420.

Were the present statute, with its limited notification effects prior to classification hearings, in place when the defendant was required to register in June, 1999, the defendant's due process argument would not have succeeded, and he would have been required to register on pain of criminal liability for failing to do so. But the present statute was not in place at that time. Rather, a statute directing a far more extensive pre-classification public dissemination of registration information was in effect, a statute determined to be unconstitutional as applied to a similarly situated party. That the Legislature subsequently altered the sex offender registry law to comply with *Doe* (No. 5) is of no avail to the Commonwealth. The defendant could not be convicted for failing to abide by the invalid registration requirement in effect at the time.

3. *Disposition.* The finding of guilty is vacated and the judgment is reversed. Judgment is to enter for the defendant.

*So ordered.*