Following a jury trial, the defendant was convicted of two counts of leaving the scene of an accident involving personal injury and one count each of reckless operation of a motor vehicle, operating a motor vehicle under the influence of drugs, possession of a class E substance, and leaving the scene of an accident involving property damage. On appeal, he claims that the trial judge erred in denying his motions for required findings of not guilty because there was insufficient evidence and improperly refused to exclude a juror for cause. We affirm.
1. Sufficient evidence. The defendant claims that there was insufficient evidence to support his motor vehicle convictions as there was insufficient corroboration of his admission to operation of the vehicle. We disagree. In reviewing the sufficiency of the evidence, we consider "whether after, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Latimore, 378 Mass. 671, 677 (1979), quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979). Where the sufficiency of evidence corroborating an admission "is tested by a motion for a required finding of not guilty, the standard of review may be less demanding of the prosecution than the familiar test of ... Latimore." Commonwealth v. Landenburg, 41 Mass. App. Ct. 23, 25 (1996). A defendant cannot be convicted based solely on evidence of his uncorroborated extrajudicial confession. See Commonwealth v. Forde, 392 Mass. 453, 457-458 (1984). However, the standard for that necessary corroboration is low. That is, to corroborate an admission, there must merely "be some evidence besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary." Id. at 458. Also, "[t]he corroborating evidence need not point to the accused's identity as the doer of the crime." Id.
Here, the Commonwealth presented evidence that after the accident, the defendant, at two different times, stated to police that he had been driving the vehicle that had been in the accident and had left the scene to seek a tow truck. At trial, the defendant claimed that he admitted to operation because he did not think that the police would believe he was not driving his vehicle. In support of his claim, the defendant relies on Commonwealth v. Leonard, 401 Mass. 470 (1988), to argue that there was insufficient corroboration of his extrajudicial admission. However, Leonard is distinguishable. In Leonard, absent the extrajudicial admission of the defendant that he had been driving the vehicle, there was only speculative evidence that a crime had occurred, where there was another potential driver who testified she was the driver (and sober) and the crime charged was operating under the influence of alcohol with no accident or other circumstantial evidence presented. See ids="3877620" index="7" url="https://cite.case.law/mass/401/470/">id. at 472-473.
Here, soon after the accident involving two vehicles that were hit by a third vehicle that had left the scene, police found the defendant's damaged vehicle near the accident scene. An officer then contacted the defendant who admitted that he had been driving and that "he was involved in an accident ... and ... left the scene to get a tow truck." Soon thereafter, police located the defendant walking near the accident scene and he admitted to a second officer that he was driving his vehicle, was involved in an accident, and left to call a tow truck. This was sufficient to corroborate the defendant's admission.
The defendant also argues that the evidence as a whole is insufficient on the charges he operated recklessly, operated under the influence of drugs, or left the scene of an accident. We disagree. In the light most favorable to the Commonwealth, the jury could have found the following. The defendant was the driver of the vehicle that crashed into two parked vehicles as his admission was sufficiently corroborated. The jury were entitled to disbelieve the defendant's testimony that someone else was operating the vehicle at the time of the accident. See Commonwealth v. Platt, 440 Mass. 396, 403 (2003). The accident occurred in good weather on a straight road that was well lit. The defendant left the scene of the accident, which had caused both injury and property damage. Soon after the accident, a drug-recognition trained police officer examined the defendant and found him to be under the influence of a drug other than alcohol. The facts and circumstances of the accident provide sufficient evidence that the defendant operated the vehicle recklessly. The defendant was in possession of a class E substance as there were prescription pills that were not his own in his vehicle he was operating.[2] The Commonwealth presented sufficient evidence to survive the motions for required findings.
Right to impartial jury. The defendant also claims that he was denied his right to an impartial jury because the judge abused his discretion in failing to excuse for cause juror no. 26, a Massachusetts State police officer who had previously worked with the prosecuting Hampden County District Attorney's Office and had testified in criminal matters at that court. We disagree. "Article 12 and the Sixth Amendment, applied to the States through the due process clause of the Fourteenth Amendment, guarantee the right of a criminal defendant to a trial by an impartial jury." Commonwealth v. Long, 419 Mass. 798, 802 (1995). "A trial judge is accorded considerable discretion in the jury selection process and his finding that a juror stands indifferent will not be disturbed except where juror prejudice is manifest." Commonwealth v. Clark, 446 Mass. 620, 629-630 (2006).
Here, juror no. 26 was unequivocal in responding to the trial judge that he could be fair and impartial regarding the case. Juror no. 26 was also unequivocal in asserting that he had no connection to this case or to the parties involved. The defendant nonetheless claims that, even though "[t]here was no display of conscious bias during the voir dire of" juror no. 26, nevertheless, "he may have been more likely to support the government." The possibility of a juror's potential bias is not grounds to support a conclusion that the judge abused his discretion in refusing to excuse a juror for cause. Rather, "[w]here, as here, the judge who had the opportunity to observe the prospective juror, makes a determination that the juror is indifferent after exploring the grounds for a possible claim that the juror was not impartial, we cannot conclude, in the absence of any affirmative evidence to the contrary, that the judge abused his discretion." Commonwealth v. Ascolillo, 405 Mass. 456, 461 (1989), quoting Commonwealth v. Amazeen, 375 Mass. 73, 83 (1978). There was no abuse of discretion.
Judgments affirmed.

The defendant does not argue that there was insufficient evidence presented that the operator of the vehicle possessed a class E substance.