NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

22-P-616                                        Appeals Court

COMMONWEALTH  vs.  SEAN C. LAGOTIC.

No. 22-P-616.

Middlesex.      January 5, 2023. - March 15, 2023.

Present:  Ditkoff, Singh, & Grant, JJ.


Motor Vehicle, Operating under the influence, Operation.
    Evidence, Corroborative evidence.  Practice, Criminal,
    Required finding.


    Complaint received and sworn to in the Concord Division of
the District Court Department on December 13, 2019.

    The case was tried before Stephen B. Geary, J.


    Chia Chi Lee, Assistant District Attorney, for the
Commonwealth.
    Sean J. Gallagher for the defendant.


    DITKOFF, J.  After a jury in the District Court convicted

the defendant of operating a motor vehicle under the influence

of intoxicating liquor, G. L. c. 90, § 24 (1) (a) (1), the trial

judge entered a required finding of not guilty pursuant to Mass.

R. Crim. P. 25 (b) (1), as amended, 420 Mass. 1502 (1995).[1]  The Commonwealth now appeals from this order, pursuant to Mass. R. Crim. P. 25 (c) (1), as amended, 420 Mass. 1502 (1995). Concluding that the jury reasonably found that the defendant operated the motor vehicle from evidence that he was found on the roadside near the crashed vehicle, requested medical attention, and repeatedly admitted to multiple persons that he operated the vehicle, we vacate the order allowing the motion for a required finding of not guilty.

1.  Background.  On December 13, 2019, at approximately 1:42 A.M., an Acton police officer responded to the intersection of Route 2 and Main Street.  The weather was "cold, but clear" and the roads were "dry and clear," having been "salted over from past storms."  The officer observed tire marks from the Route 2 on-ramp into the woods.  The tracks "just missed the guard rails" and "went a hundred feet into the woods."  A black Toyota Camry was in the woods at the end of the tracks.  The airbags had deployed.[2]

---

[1] The defendant earlier admitted to sufficient facts and received a continuance without a finding on a charge of negligent operation, G. L. c. 90, § 24 (2) (a).  No issue concerning this admission is raised in this appeal.

[2] The officer agreed on cross-examination that he had "learned that airbags had deployed in that vehicle."  Neither party explored whether multiple airbags had deployed or which ones.

The officer approached the defendant, who was talking to another officer on the roadside.  The officer smelled "an overwhelming odor of an alcoholic beverage," "observed [the defendant's] eyes to be red and glassy," and detected "a slight slur to his speech."

The officer asked the defendant how he crashed.  The defendant "said he was coming on the on-ramp and, then, he hit the snow and, then, lost traction and went into the woods."  The officer asked the defendant where he was coming from.  The defendant said that he was coming from Belmont, where he was a barber.  The defendant reported that he had "stopped for dinner and drinks."  The defendant first said that he had imbibed "one margarita" and then said that he had imbibed two.

The defendant agreed to perform field sobriety tests. During the "walk-and-turn test," the defendant failed to follow the instruction to watch his feet.  He raised his arms instead of keeping them at his side, "missed heel-to-toe," "stepped off the line," and stopped walking prior to finishing the test. During the "one-legged stand test," he "immediately started losing his balance."  He raised his arms, "began hopping backwards," and "put his foot on the ground."  The officer placed the defendant under arrest.

During booking, the defendant said, "I think I have a concussion, I might need to see someone."  Paramedics were

summoned to assist him.  One paramedic asked the defendant how fast he was going, and the defendant "said 60 to 70 miles per hour."[3]

At trial, the officer was the only witness.  At the conclusion of his testimony, the defendant moved for a required finding of not guilty, which the trial judge denied.  The defense introduced a videotape of the booking and rested.  The defendant then again moved for a required finding of not guilty, arguing that there was insufficient evidence of impairment.  The trial judge sua sponte raised the issue whether there was sufficient evidence of operation.  After some discussion, the judge decided to reserve ruling on the renewed motion and submitted the case to the jury.[4]

---

[3] The officer testified that the speed limit on Route 2 westbound is forty-five miles per hour.  He did not state what the speed limit was on the on-ramp.

[4] A motion for a required finding of not guilty made at the close of the Commonwealth's case must be ruled on before the case proceeds.  Mass. R. Crim. P. 25 (a), as amended, 420 Mass 1502 (1995).  This is so that the defendant's decision whether to present a case -- and what sort of case to present -- is informed by the ruling on the required finding motion.  See Commonwealth v. Yasin, 483 Mass. 343, 351 (2019).  As a motion at the close of all evidence does not involve this interest, a judge may -- as here -- reserve decision until "before the jury returns a verdict, after the jury returns a verdict of guilty, or after the jury is discharged without having returned a verdict."  Mass. R. Crim. P. 25 (b) (1).  Of course, an appeal by the Commonwealth is permissible only when the jury has returned a guilty verdict.  See Mass. R. Crim. P. 25 (c) (1); United States v. Martin Linen Supply Co., 430 U.S. 564, 575

The next day, the jury returned a guilty verdict.  The
trial judge then entered a required finding of not guilty,
concluding that "[t]here was no evidence as to this gentleman
operating the vehicle" and that the defendant's admissions were
not corroborated.  This appeal followed.

2.  Standard of review.  "[W]e consider the evidence
introduced at trial in the light most favorable to the
Commonwealth, and determine whether a rational trier of fact
could have found the essential elements of the crime beyond a
reasonable doubt."  Commonwealth v. Tsonis, 96 Mass. App. Ct.
214, 216 (2019), quoting Commonwealth v. Oberle, 476 Mass. 539,
547 (2017).  "The inferences that support a conviction 'need
only be reasonable and possible; [they] need not be necessary or
inescapable.'"  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378
(2017), quoting Commonwealth v. Waller, 90 Mass. App. Ct. 295,
303 (2016).  "Furthermore, when resolving issues of sufficiency
of the evidence, we resolve all issues of credibility in favor
of the Commonwealth."  Commonwealth v. Sutherland, 93 Mass. App.
Ct. 65, 71 (2018).  The standard of review is the same in the
context of the Commonwealth's appeal pursuant to Mass. R. Crim.
P. 25 (c) (1) as it is in the context of a defendant's appeal

_____

(1977); United States v. Wilson, 420 U.S. 332, 352-353 (1975);
Commonwealth v. Brangan, 475 Mass. 143, 146 (2016).

from a conviction. See Commonwealth v. Hamilton, 83 Mass. App. Ct. 406, 409-410 (2013).

3. Sufficiency of the evidence of operation. In a prosecution for operating under the influence of intoxicating liquor, the Commonwealth may proceed on an impaired operation theory, a per se theory, or both. See Commonwealth v. Hebb, 477 Mass. 409, 409 (2017); Commonwealth v. Dacosta, 85 Mass. App. Ct. 386, 387 (2014). Under either theory, the Commonwealth must "prove that the defendant (1) physically operated a vehicle; (2) 'on a public way or place to which the public has a right of access.'" Commonwealth v. Faherty, 93 Mass. App. Ct. 129, 133-134 (2018), quoting Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016). Under a per se theory, the third element is that the defendant "had a blood alcohol content percentage of .08 or greater." Commonwealth v. Zeininger, 459 Mass. 775, 778, cert. denied, 565 U.S. 967 (2011). Under the impaired operation theory, the third element is "that the defendant was under the influence of alcohol," Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392 (2017), meaning "that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely," Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 352 (2015), quoting Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). Here, the Commonwealth proceeded only on an impaired operation theory.

For sufficiency purposes, only the element of operation is at issue.[5] In this regard, the defendant told the officer that "he was coming on the on-ramp and, then, he hit the snow and, then, lost traction and went into the woods." The defendant further explained that he had driven from Belmont, where he was a barber, and had stopped for dinner and drinks. At booking, the defendant said, "I think I have a concussion, I might need to see someone." After the police summoned medical attention, a paramedic "asked him how fast he was going and he said 60 to 70 miles per hour."

The defendant's repeated confessions to driving the vehicle constituted powerful evidence of operation. See Commonwealth v. Adams, 421 Mass. 289, 291 (1995); Commonwealth v. Hilton, 398 Mass. 63, 67 (1986). Nonetheless, "a criminal defendant may not be convicted solely on the basis of an uncorroborated confession." Commonwealth v. Leavey, 60 Mass. App. Ct. 249, 251 (2004). "The corroboration required, though important, is 'quite minimal.'" Commonwealth v. Green, 92 Mass. App. Ct. 325, 327 (2017), quoting Commonwealth v. Villalta-Duarte, 55 Mass.

---

[5] The officer testified that the road in question was "a state-run highway" and "maintained by Mass DOT." See Commonwealth v. Belliveau, 76 Mass. App. Ct. 830, 835 (2010). The defendant's odor of alcohol, glassy eyes, slurred speech, and performance on the field sobriety tests provided sufficient evidence of impairment. See Gallagher, 91 Mass. App. Ct. at 392-393.

App. Ct. 821, 826 (2002). All that is required is "merely that 'there be some evidence, besides the confession, that the criminal act was committed by someone, that is that the crime was real and not imaginary.'" Commonwealth v. Rodriguez, 76 Mass. App. Ct. 59, 63 (2009), quoting Villalta-Duarte, supra at 825. Accord Commonwealth v. Carter, 481 Mass. 352, 361 (2019), cert. denied, 140 S. Ct. 910 (2020).

Here, there was adequate evidence corroborating the defendant's statements. The defendant was on the roadside near the crashed vehicle in the middle of the night. See Commonwealth v. Proia, 98 Mass. App. Ct. 125, 128 (2020) (defendant "located outside a nearby tavern" close to accident site); Commonwealth v. Congdon, 68 Mass. App. Ct. 782, 783 (2007) (defendant was walking toward disabled vehicle from short distance away). The accident had caused the airbags to inflate, and the defendant required medical care for a possible concussion. Finally, there was an "absence of evidence tending to suggest that someone other than the defendant was operating" the vehicle. Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 439 (2002).[6] Accord Commonwealth v. Petersen, 67 Mass. App. Ct.

_____

[6] We do not, however, agree with the Commonwealth's contention that Cromwell sets forth the "relevant factors to determine the sufficiency of operation." Cromwell, 56 Mass. App. Ct. at 439, merely lists the evidence that supported a conviction in that case. Although comparing the evidence in any particular case to the evidence in Cromwell is helpful in

49, 52 (2006).  In short, there was evidence that the crime of operating under the influence "was real and not imaginary." Commonwealth v. Gibson, 489 Mass. 37, 53 (2022), quoting Commonwealth v. Forde, 392 Mass. 453, 458 (1984).

This case is dissimilar to Commonwealth v. Leonard, 401 Mass. 470 (1988).  In that case, the defendant's wife testified that she was the operator of the vehicle, and "[t]he interior physical damage to the vehicle corroborated her testimony."  Id. at 472.  The Commonwealth's purported corroborating evidence -- that the defendant demanded that the wife give his keys back to him and that the wife's cigarettes were on the passenger side floor – failed, as the demand for the keys was ambiguous and the location of the cigarettes speculative in light of a struggle between the defendant and his wife.  See id. at 473.  There was no accident, and therefore no other proof that negligent or intoxicated driving was anything but imaginary.  See id. at 471. Accord Commonwealth v. Seesangrit, 99 Mass. App. Ct. 83, 90 (2021), quoting Forde, 392 Mass. at 458 (rule requires evidence "that the crime was real and not imaginary").  As the Supreme Judicial Court recognized in Adams, 421 Mass. at 292, Leonard

---

determining whether that case is on point or distinguishable, the evaluation of the sufficiency of the evidence of operation need not involve an analysis of how close the evidence in any particular case comes to each of the pieces of evidence found in Cromwell.

has little application where there is no "evidence tending to suggest that someone other than the defendant was operating" the vehicle. Accord Commonwealth v. Simon, 57 Mass. App. Ct. 80, 91 (2003) (noting absence in Leonard of "anything at all to corroborate the admission"). Accordingly, there was sufficient evidence to support the jury verdict here.

4. Conclusion. The order allowing the motion for a required finding of not guilty is vacated. The jury's verdict is reinstated, and the case is remanded to the District Court for sentencing.

So ordered.