COMMONWEALTH vs. CUSHING T. HURD. No. 89-P-1287. July 30, 1990. *Search and Seizure,* Threshold police inquiry, Exigent circumstances.

On June 11, 1988, at about 1:00 P.M., the Waltham police department received information from an anonymous caller that a man who appeared to be drunk was getting into a blue automobile with New Hampshire license plates in front of Watch City Liquors, 475 Winter Street, Waltham. The caller said there were three small children in the automobile.

---

Two Waltham police officers responded to the call. As they approached 475 Winter Street, they saw a car matching the description given by the caller heading east on Winter Street approaching the entrance to route 128. The officers stopped the automobile which was driven by the defendant and had three children as passengers. After stopping the car, the officers asked the defendant to step outside. They smelled a strong odor of alcohol on his breath. After Miranda warnings were given and field sobriety tests taken, the defendant was arrested for driving under the influence of alcohol. The foregoing facts are taken from the Waltham police report and were stipulated by the parties. The defendant was convicted of driving under the influence of alcohol based upon the evidence obtained as a result of the stop. The only issue raised by the defendant is whether the warrantless stop was justified. If not, the defendant's motion to suppress the evidence obtained in the stop should have been allowed.

The circumstances detailed by the anonymous call — a drunken driver with three small children in a blue car with New Hampshire license plates at a specific address — combined with the observation by police officers approaching that address of a blue vehicle with New Hampshire plates approaching the entrance to route 128, a high speed highway, "presented an emergency situation requiring immediate action for the protection of life and property." *Commonwealth* v. *Marchione*, 384 Mass. 8, 11 (1981). "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *Mincey* v. *Arizona*, 437 U.S. 385, 392 (1978).

In *Commonwealth* v. *McCauley*, 11 Mass. App. Ct. 780, 781-783 (1981), police were informed by an anonymous party that a man, described in considerable detail and wearing a red, white and blue sweater, was in a certain cafe "carrying a firearm which he had dropped on the floor more than once." This court approved a *Terry* type[1] inquiry and, at 783, quoted from *People* v. *Taggart*, 20 N.Y.2d 335, 337-340 (1967), modified, 21 N.Y.2d 729, appeal dismissed, 392 U.S. 667 (1968): "There are exigencies affecting life [and] limb, or grave property damage in which the police receive information of crime, not sufficient to establish probable cause for arrest and incidental search, and yet which, to any reasonable man, demand the taking of police action to prevent serious harm." See also *Commonwealth* v. *Anderson*, 366 Mass. 394, 395 (1974); *Commonwealth* v. *Fitzgibbons*, 23 Mass. App. Ct. 301, 302 (1986). Cf. *Commonwealth* v. *Carey*, 407 Mass. 528, 535 n.4 (1990). *Commonwealth* v. *Bates*, 28 Mass. App. Ct. 217, 219 (1990). The police, having reasonable grounds to believe that an exigency existed, acted appropriately in stopping the automobile to see if, in fact, the driver was intoxicated. Such action was reasonably nec-

---

[1]*Terry* v. *Ohio*, 392 U.S. 1 (1968).

essary to protect the children and the public from "unnecessary exposure to risk of injury." *Commonwealth* v. *Fitzgibbons*, 23 Mass. App. Ct. at 306.

*Judgment affirmed.*

*Bruce W. Edmands* (*Amy J. Axelrod* with him) for the defendant.

*James W. Sahakian*, Assistant District Attorney, for the Commonwealth.