COMMONWEALTH *vs.* JIMMY D. SMITH. No. 91-P-543. DECEMBER 3, 1992. *Practice, Criminal*, Required finding. *Evidence*, Hearsay, Admissions and confessions.

There was evidence that in the early evening of June 12, 1988, Boston police Officer Joseph Pishkin arrived at the intersection of Highland Street and Marcella Street where he found two paramedics and two EMT's treating a twenty year old male, Edward Pollard, who was bleeding extensively from wounds to his face and the back of his head. He was conscious but not coherent. Pollard was taken to Brigham and Women's Hospital. Several days later, Pishkin interviewed Pollard at the hospital, and as a result of the meeting, Pishkin obtained a warrant for the arrest of the defendant. After Pishkin arrested the defendant and informed him of his rights, the defendant told Pishkin that he had heard that Pollard was "looking for"

him, and he knew it would be "either him or me"; that a friend drove him to the intersection described above, where the defendant found Pollard and shot him twice with a shotgun, once as Pollard faced him and the other time as Pollard attempted to flee the scene. At the trial the defendant denied shooting Pollard or making the statements to the police. The defendant appeals from his conviction by a jury of assault and battery by means of a dangerous weapon, assault with intent to murder, and unlawful carrying of a shotgun. We affirm.

The defendant claims it was error to permit Pishkin to testify that as a result of his conversation with Pollard he arrested the defendant. The officer's testimony was not hearsay and there was no error. See *Commonwealth* v. *Cordle*, 404 Mass. 733, 743-744 (1989), *S.C.*, 412 Mass. 172 (1992); *Commonwealth* v. *Perez*, 27 Mass. App. Ct. 550, 554 (1989) ("policemen or other investigators may explain what they did in consequence of conversations with others").

The defendant also appeals from the denial of his motion for a required finding of not guilty. The standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (emphasis original). *Commonwealth* v. *Latimore*, 378 Mass. 671, 677 (1979), quoting from *Jackson* v. *Virginia*, 443 U.S. 307, 318-319 (1979). The defendant argues that the Commonwealth's proof was limited to the testimony by Pishkin of an oral, extra-judicial confession which the defendant denies making, and that there was no physical evidence or victim testimony that tied the defendant to the crime. In essence, the question presented is whether the defendant's confession, without any other evidence corroborating his identity as the perpetrator of the crime, is sufficient to withstand a motion for a required finding of not guilty. *Commonwealth* v. *Forde*, 392 Mass. 453, 457-458 (1984), holds that it is. There the court said, "The corroboration rule requires only that there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary [citation omitted]. The corroborating evidence need not point to the accused's identity as the doer of the crime." *Id.* at 458.

Here, Pishkin testified that Pollard received wounds to the front left portion of his face and to the back of his head. The Commonwealth produced medical records that the victim was treated for gunshot wounds to his head, and that shotgun pellets were found in the soft tissue of his head and neck. One pellet was imbedded in his left eye. This was sufficient evidence for the jury to infer that a crime had been committed. *Ibid.* Contrast *Commonwealth* v. *Leonard*, 401 Mass. 470 (1988) (in prosecution for driving while intoxicated, the defendant admitted to being intoxicated but not to driving the vehicle, and there was no other evidence that defendant drove while intoxicated).

*Judgments affirmed.*

*Harold Robertson* for the defendant.

*Kenneth H. Anderson*, Assistant District Attorney, for the Commonwealth.