## COMMONWEALTH vs. THOMAS ALLEN MANNING.

No. 95-P-307.

Suffolk. December 14, 1995. - August 5, 1996.

Present: JACOBS, GILLERMAN, & IRELAND, JJ.

*Motor Vehicle,* Operating under the influence. *Evidence,* Admissions and
confessions, Corroborative evidence. *Practice, Criminal,* Required find-
ing. *Words,* "Corpus delicti."

A criminal defendant's admission to a police officer at the scene of an
automobile accident that he was the operator of the vehicle was suf-
ficiently corroborated by evidence that the crime charged, operating a
motor vehicle while under the influence of alcohol, had occurred, and
further, there was sufficient evidence to support the inference that the
defendant had been the operator: the judge correctly denied the
defendant's motion for a required finding of not guilty. [19-22]

COMPLAINT received and sworn to in the Boston Munici-
pal Court Department on February 7, 1994.

The case was tried before *Dermot Meagher,* J.

*Salvatore F. DiMasi* for the defendant.

*Patricia M. Blackburn,* Assistant District Attorney, for the
Commonwealth.

JACOBS, J. Called to the vicinity of South Station in Bos-
ton, a Boston police officer approached the defendant stand-
ing across the street from a smoldering Pontiac automobile
resting on top of a downed traffic control signal. In response
to the officer's questions, the defendant stated that he was the
operator of the vehicle, that he was drunk and should be ar-
rested. The officer accommodated him, and the defendant
later was convicted by a District Court jury of operating a
motor vehicle while under the influence of intoxicating liquor
(G. L. c. 90, § 24). The only issue on appeal is whether the
defendant's admission of operation was sufficiently cor-
roborated to support the denial of his motion for a required
finding of not guilty.

The Commonwealth's case consisted entirely of the officer's testimony which essentially was as follows: Responding to an 8:30 P.M. radio call on February 4, 1994, at an intersection near South Station, he saw a 1993 Pontiac on a traffic island in the middle of the intersection and "resting on top of a downed . . . traffic control signal." He observed firefighters rolling up fire hoses and that the Pontiac was "soaked . . . with water" and "still smoldering." After a conversation with a fire lieutenant, the officer walked across the street to the defendant, who was standing alone on the sidewalk approximately thirty feet from the Pontiac. Next to the defendant was a brief case, a golf bag, and fishing tackle. The officer observed "a couple of people on the other side of the intersection . . . probably . . . fifteen, twenty feet" from the Pontiac. He did not recall there being more than seven or eight people, other than police and firefighters, in that entire area at the time.

In response to the officer's questions, the defendant stated that he was the operator of the Pontiac and that he had not been injured in the accident. He also produced a Missouri driver's license and indicated that the registration was in the Pontiac and that the vehicle was a rental, a fact later verified by the police. An odor of alcohol about the defendant gave rise to further questions, leading the defendant to say he had consumed four drinks. The officer, applying field sobriety tests, then asked the defendant to recite the alphabet. After three failed attempts at recitation, the defendant was able to sing the entire alphabet. There followed a balancing test (standing on one leg while touching the tip of one's nose with the right and then the left index finger) which the defendant performed successfully, just before blurting out that he was drunk and should be arrested.

The defendant relies on the corroboration rule, adopted in *Commonwealth* v. *Forde*, 392 Mass. 453, 457-458 (1984), and holding that a conviction may not be based solely on evidence of an extrajudicial confession by the accused. *Id.* at 457. "[T]he corroboration rule applies to admissions as well as confessions," *Commonwealth* v. *Costello*, 411 Mass. 371, 375 (1991), and where the evidence offered in corroboration of an out-of-court admission is entirely ambiguous and speculative, it is error to deny a defendant's motion for a required finding of not guilty. *Commonwealth* v. *Leonard*, 401 Mass. 470, 473 (1988).

"In its typical form, the corroboration rule requires that there be some evidence tending to establish the 'corpus delicti' . . . ." *Commonwealth* v. *Forde, supra* at 458.[1] Noting that the purpose of the rule is "to guard against conviction for imaginary crimes,"[2] the Supreme Judicial Court adopted an orthodox definition of "corpus delicti" as meaning merely "the specific kind of loss or injury embraced in the crime charged" and not requiring also evidence of "a criminal agency as the source of that loss or injury." *Ibid.* "Thus, in a homicide case, the corroborating evidence need only tend to show that the alleged victim is dead." *Ibid.* Consistent with this approach, the court declared that "[t]he corroborating evidence need not point to the accused's identity as the doer of the crime." *Ibid. Commonwealth* v. *Smith,* 33 Mass. App. Ct. 947, 948 (1992).

The statute under which the defendant is charged, G. L. c. 90, § 24(1)(*a*)(1), as amended through St. 1992, c. 379, § 1B, permits conviction upon proof that a defendant, "upon any way . . . operate[d] a motor vehicle while under the influence of intoxicating liquor . . . ." It does not require within its elements proof of tangible injury or an identifiable victim. Accordingly, the orthodox definition of "corpus delicti" discussed in *Commonwealth* v. *Forde,* 392 Mass. at 458, does not directly advance our analysis. The Federal courts have chosen with respect to Federal crimes "in which there is no tangible corpus delicti" to require that "the corroborative evidence must implicate the accused in order to show that a crime has been committed." *Smith* v. *United States,* 348 U.S. 147, 154 (1954). *Wong Sun* v. *United States,* 371 U.S. 471, 489 n.15 (1963). See also *United States* v. *Lopez-Alvarez,* 970 F.2d 583, 591 (9th Cir. 1992); 7 Wigmore, Evidence § 2072 & n.4 (Chadbourn rev. 1978 & Supp. 1996). Our decisions, however, do not appear to have adopted the Federal approach in cases in which tangible loss or injury is not an aspect of the elements of the charged crime. Rather, in *Commonwealth* v. *Leonard,* 401 Mass. at 472-473, the Supreme Judicial

---

[1]Literally meaning "the body of a crime," "corpus delicti" is defined as "[t]he body (material substance) upon which a crime has been committed, *e.g.,* the corpse of a murdered man, the charred remains of a house burned down." Black's Law Dictionary 310 (6th ed. 1990).

[2]For further discussion of the purpose of the rule, see *Commonwealth* v. *Forde, supra* at 457, and *Commonwealth* v. *Landenburg, post* 23 (1996).

Court, in reviewing a conviction under G. L. c. 90, § 24, alluded to, and apparently adopted as a standard, its statement in *Commonwealth* v. *Forde*, 392 Mass. at 458, that the required corroboration be "some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary." In another case involving application of the corroboration rule to a conviction of driving under the influence of alcohol, this court also relied on the statement in *Commonwealth* v. *Forde, supra,* to the effect that independent evidence that the crime was real was sufficient to corroborate. *Commonwealth* v. *McNelley*, 28 Mass. App. Ct. 985, 987 (1990). Compare *Commonwealth* v. *Adams*, 421 Mass. 289, 291 (1995), which states that the element of operation requires corroborative evidence that the defendant was the driver but relies on *Commonwealth* v. *Leonard, supra,* and *Commonwealth* v. *Forde, supra,* as establishing the standard for corroborative evidence in an operating under the influence prosecution.

"The test governing the required finding issue is the familiar one stated in *Commonwealth* v. *Latimore*, 378 Mass. 671, 676-677 (1979), and, in satisfying that test, the Commonwealth may rely on reasonable inferences drawn from circumstantial evidence." *Commonwealth* v. *Adams*, 421 Mass. at 290-291.[3] "Inferences drawn from circumstantial evidence 'need not be inescapable or necessary, so long as they are reasonable, possible and not unwarranted because too remote.' " *Commonwealth* v. *Cullen*, 395 Mass. 225, 230 (1985), quoting from *Commonwealth* v. *Walter*, 10 Mass. App. Ct. 255, 257 (1980).

At trial, there was ample corroborative evidence that the charged crime had occurred. The position of the Pontiac, on an island in the middle of the intersection and resting on top of a toppled traffic control signal, alone was sufficient to raise

---

[3]There is an indication in *Commonwealth* v. *Costello*, 411 Mass. at 374, that the standard for the corroboration rule may be less demanding and may require "merely that 'there be some evidence, besides the confession, that the criminal act was committed by someone, that is, that the crime was real and not imaginary,' " quoting from *Commonwealth* v. *Forde*, 392 Mass. at 458. This standard may perhaps be harmonized with the adoption in *Commonwealth* v. *Forde* of the orthodox meaning of "corpus delicti," by limiting it to cases other than homicide prosecutions which require proof of tangible injury or an identifiable victim and by requiring evidence implicating the accused in crimes in which there is no tangible "corpus delicti."

an inference of operating under the influence. See *Commonwealth* v. *Hilton*, 398 Mass. 63, 68 (1986) ("The manner in which the automobile was parked, half on the street and half on the sidewalk, was evidence that it may have been driven by a driver under the influence of alcohol").

Even if the Federal approach or that intimated in *Commonwealth* v. *Adams*, 421 Mass. at 291, were to be applied, there is sufficient evidence to support a reasonable inference that the defendant operated the Pontiac. Its location, coupled with evidence of a recent fire, support the conclusion that it had been driven shortly before the officer arrived. The peculiar circumstances in which the defendant was observed while standing alone, not far from the Pontiac, coupled with his knowledge of the fact that it "was a rental" reasonably could connect him to the vehicle. Such circumstances and facts combined with "the defendant's cooperation with the field sobriety tests" permit an inference of operation. *Commonwealth* v. *O'Connor*, 420 Mass. 630, 632 (1995). See *Commonwealth* v. *Towers*, 35 Mass. App. Ct. 557, 561 (1993). Such an inference is also supported by the failure of the bystanders at the scene to dispute the defendant's identity as the operator when the officer obviously was treating him as such by administering the field sobriety tests. *Commonwealth* v. *Adams*, 421 Mass. at 291. "The fact that there were other persons present at the scene, unsupported by evidence tending to suggest that someone other than the defendant was operating the [Pontiac], cannot serve to undermine the probative value of the corroborative evidence previously discussed." *Id.* at 291-292. That an item of evidence reasonably supporting operation may not be compelling does not render it fatally ambiguous or unduly speculative, especially when considered with other equally reasonable inferences tending to the same conclusion.

*Judgment affirmed.*