A Superior Court jury convicted the defendant of two counts of assault by means of a dangerous weapon based on evidence that he participated in two drive-by shootings in Lowell. On appeal, the defendant challenges the denial of his pretrial motion to suppress evidence, arguing that the police stopped his vehicle without reasonable suspicion. We affirm.
Background. We summarize the relevant facts from the motion judge's findings on the motion to suppress, supplemented where appropriate by uncontroverted suppression hearing testimony that he explicitly or implicitly credited. See Commonwealth v. Jones-Pannell, 472 Mass. 429, 431 (2015). At approximately 1:10 A.M. on July 9, 2014, Lowell police Officer Patrick Casey was in a marked police cruiser on Brook Street in the "Acre neighborhood," a high crime area, in the city of Lowell. As he approached the intersection of Willie Street, Officer Casey heard five gunshots from an area in front of his direction of travel. Two seconds later he observed a car to his left "accelerating away rapidly" on Willie Street. There was no other pedestrian or vehicular traffic in the area. Officer Casey turned left from Brook Street onto Willie Street and gave chase, but was unable to catch up. After following the car onto Rock Street and School Street, Officer Casey activated his overhead lights and siren. The car did not stop. It turned left onto Crane Street and then came to a stop. After Officer Casey reported the license plate number of the car, a gray Honda, to dispatch, he got out of his police cruiser to approach the driver. As he did so, the car sped away. Officer Casey got back into his cruiser and again pursued the car, turning left onto Middlesex Street and right onto Queen Street where the car again came to a stop.
Officer Casey approached the car with his gun drawn. The driver, later identified as the defendant, and the rear seat passenger extended their empty hands out the windows. Officer Casey, supported by backup officers, removed the suspects from the vehicle. The defendant was arrested after a records check revealed that he had an active warrant and a suspended driver's license.
The evidence at trial revealed that a subsequent search of the gray Honda resulted in the seizure of a nine millimeter bullet casing wedged in the area of the front windshield wiper, a casing in the area of the back window, and a nine millimeter magazine between the two front seats. The defendant's motion to suppress evidence sought an order excluding these items as evidence at trial.
Discussion. We accept the motion judge's factual findings unless they are clearly erroneous. See ibr.US_Case_Law.Schema.Case_Body:v1">id. However, we "make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." Commonwealth v. Durand, 475 Mass. 657, 664 (2016), quoting Commonwealth v. Bostock, 450 Mass. 616, 619 (2008). Here, the defendant does not challenge the judge's findings of fact. He claims error in the judge's conclusion that there was reasonable suspicion to stop the defendant's car. For the reasons that follow, we discern no error in the judge's reasoning.
A stop is justified when police have a reasonable suspicion that the person stopped is committing, has committed, or is about to commit a crime. Commonwealth v. Silva, 366 Mass. 402, 405 (1974). The reasonable suspicion must be based on "specific and articulable facts and the specific reasonable inferences which follow from such facts in light of the officer's experience." Id. at 406. In determining reasonable suspicion in cases involving gunshots, we consider the following factors, among others: (1) the particular characteristics which distinguish the suspect from others, (2) the proximity of the place of the stop to the place of the suspected criminal activity, (3) the time between the suspected criminal activity and the stop, (4) the conduct of the suspect upon his initial encounter with the police, including evasive behavior, (5) whether there is independent police corroboration of the criminal activity, (6) the geographic boundaries of the area where the suspect may be found, and (7) the nature of the place where the suspected criminal activity occurred. Commonwealth v. Doocey, 56 Mass. App. Ct. 550, 554-556 (2002). We note also that the firing of gunshots in a neighborhood is a dangerous situation requiring a prompt and thorough police investigation. See id. at 558 ; Commonwealth v. Hurd, 29 Mass. App. Ct. 929, 930-931 (1990). "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency" (citation omitted). Mincey v. Arizona, 437 U.S. 385, 392 (1978).
Here, the judge applied the Doocey factors, concluding that there were "articulable facts and circumstances linking the grey Honda to the gunshots." We agree. While on patrol in a high crime area, Officer Casey heard five nearby gunshots. Two seconds later, he observed the gray Honda, the only vehicle in sight, leave the area at a high rate of speed. He immediately followed the car in his marked cruiser, never losing sight of it. Nevertheless, he was unable to close the gap before the car came to a stop. "Although the fact of the defendant's flight, standing alone, is insufficient to justify his seizure, it is a relevant factor to be considered when coupled with other facts." Commonwealth v. Jeudy, 75 Mass. App. Ct. 579, 583 (2009). The other facts here, specifically Officer Casey's personal observation of a lone vehicle leaving the area where the shots had been fired only seconds earlier, when considered together with the defendant's flight, led to a reasonable suspicion, even before Officer Casey activated his siren and overhead lights, that the occupants of the gray Honda were committing or had committed a crime. See Commonwealth v. Smigliano, 427 Mass. 490, 492 (1998) ("activating the blue lights thus was a seizure requiring some level of justification").
Judgments affirmed.