NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-364

COMMONWEALTH

vs.

CHAD ROACH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a jury-waived trial in the District Court, the defendant was convicted of operating under the influence of intoxicating liquor (OUI), third offense, and sentenced to six months in the house of correction.[1]  The defendant, who moved unsuccessfully for a required finding of not guilty at the close of the Commonwealth's case, appeals from his conviction for OUI.[2]  Because we conclude that the evidence was sufficient to prove the elements of OUI beyond a reasonable doubt, we affirm.

Facts.  "When reviewing the denial of a motion for a required finding of not guilty, 'we consider the evidence introduced at trial in the light most favorable to the

_____

[1] He was acquitted of a separate charge of negligent operation of a motor vehicle.

[2] He does not independently challenge his conviction of the subsequent offense.

Commonwealth, and determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Ross, 92 Mass. App. Ct. 377, 378 (2017), quoting Commonwealth v. Oberle, 476 Mass. 539, 547 (2017).  Because the defendant challenges only the sufficiency of the evidence of operation and intoxication, we focus on those elements.  See G. L. c. 90, § 24 (1) (a) (1).

At approximately 4 P.M. on March 8, 2020, the defendant's neighbor was on the balcony of her apartment when she saw the defendant's car make a wide turn from Route 28 in Middleborough into the parking lot of their housing complex and drive "at an alarmingly high rate of speed" into the parking area.  The neighbor watched as the car continued through the lot, nearly sideswiping a number of the cars parked there, and then felt the building shake as the car crashed through a bush and into the building.  The neighbor called the police.  Officer Andrew Lefebvre arrived approximately twenty minutes later and found the defendant in the driver's seat of his car alone and unconscious.  The car was covered in debris from the bush and was not parked properly.

Officer Lefebvre tapped on the window and roused the defendant.  The officer observed that the defendant smelled of an alcoholic beverage, was slurring his words, and was "definitely unsteady on his feet."  The defendant admitted to

2

having consumed "four or five beers" earlier in the day.  He also admitted that he "had been drinking, had been driving" at approximately 11 A.M., and had been "sleep[ing] it off."  The key was not in the ignition, but the hood and the grille of the defendant's car were still warm.[3]  The defendant agreed to perform field sobriety assessments; he was able to count backward and recite the alphabet as requested, but was too unsteady to safely complete the physical tests offered to him.  Officer Lefebvre, who had formed the opinion that the defendant was intoxicated, placed him under arrest for OUI.

Discussion.  The defendant first argues that the Commonwealth's evidence on the element of operation was insufficient because there was no direct evidence that he drove his car.  "The absence of . . . direct evidence [of operation] . . . is not dispositive, as 'a conviction may rest entirely on circumstantial evidence.'"  Commonwealth v. Cromwell, 56 Mass. App. Ct. 436, 438-439 (2002), quoting Commonwealth v. Woods, 414 Mass. 343, 354, cert. denied, 510 U.S. 815 (1993).  There is ample circumstantial evidence of operation in the evidence here.

Specifically, the neighbor's observation of the defendant's car driving off Route 28 and into the housing complex's parking

_____

[3] As we note above, these events occurred in March 2020.  The judge could have inferred from the trial testimony that the weather was cold at the time.

3

lot, coupled with the defendant's admission to having driven home to "sleep . . . off" the effects of the beer he had consumed, and the police officers' discovery of the defendant unconscious in his recently-driven car was enough to prove the defendant's operation of the vehicle.[4]  See Commonwealth v. Petersen, 67 Mass. App. Ct. 49, 52-53 (2006) (evidence of warm engine, defendant's ownership of vehicle and possession of keys to car, defendant's apparent intoxication and agreement to perform sobriety tests, and lack of evidence indicating that someone else operated car, together sufficient to prove defendant's operation).  See also Ross, 92 Mass. App. Ct. at 378 ("The inferences that support a conviction 'need only be reasonable and possible; [they] need not be necessary or inescapable'" [citation omitted]).  Cf. Commonwealth v. Adams, 421 Mass. 289, 291 (1995) (defendant's admission of operation not enough to warrant jury's finding on that element unless corroborated by other evidence).

Regarding the element of intoxication, the evidence likewise was sufficient.  As the judge noted at the conclusion of the trial, that evidence included the neighbor's account of the defendant's erratic driving; the officers' observations of

---

[4] It was also sufficient to prove the element of public way although, as we have noted, the defendant does not explicitly challenge the sufficiency of the evidence on that point.  See G. L. c. 90, § 1.

4

how the defendant looked, smelled, and acted; the defendant's admission that he had consumed alcohol, albeit earlier in the day; and the officers' opinion that the defendant was intoxicated some twenty minutes after he arrived in the parking lot.  That evidence, in combination, was plainly sufficient to prove that the defendant was under the influence of alcohol when he drove into the parking area of the apartment complex.  See Commonwealth v. Manning, 41 Mass. App. Ct. 18, 19, 21-22 (1996) (manner in which vehicle was parked, combined with odor of alcohol, defendant's admission to being drunk, and defendant's failure on multiple field sobriety tests sufficient to prove OUI).

Judgment affirmed.

By the Court (Vuono, Hand &
Hodgens, JJ.[5]),

*Joseph F. Stanton*

Clerk

Entered:  July 5, 2023.

---

[5] The panelists are listed in order of seniority.