NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1501

COMMONWEALTH

vs.

JONATHAN LOPEZ-PICON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the District Court, the defendant, Jonathan Lopez-Picon, was convicted of operating a motor vehicle while under the influence of intoxicating liquor, G. L. c. 90, § 24 (1) (a) (1), and negligent operation of a motor vehicle, G. L. c. 90, § 24 (2) (a).[1]  On appeal, he argues that the evidence was insufficient to support his convictions. We affirm.

Background.  We summarize the facts in the light most favorable to the Commonwealth.  See Commonwealth v. Latimore,

_____

[1] The defendant was also charged with unlicensed operation of a motor vehicle.  The judge allowed the defendant's motion for a required finding of not guilty as to that charge.

378 Mass. 671, 676-677 (1979). On August 31, 2020, at about 12:30 A.M., Holliston police officer Alexander Hulme responded to a motor vehicle crash near the 700 block of Washington Street, a public way in the town of Holliston.

On arrival, Officer Hulme saw the defendant standing outside the crashed vehicle, a black sedan. The defendant was the only person standing near the crashed vehicle. He had a small laceration on his hand but refused medical treatment. Officer Hulme observed the vehicle "was over the curb and into [a] graveyard." He "saw damage and debris from the pole that was struck" by the vehicle, and observed a torn down chain barrier, "heavy front-end damage" to the vehicle, and "[s]evere structural damage" to the now-splintered pole. Officer Christopher Avey saw an open bottle of beer inside the center console of the vehicle that was within reach of the driver's seat and a box of empty beer bottles in the back seat.[2]

Officer Hulme asked the defendant what happened, and he responded that he had been driving his uncle's vehicle and struck a pole. The defendant also told Officer Hulme that he was twenty years old, had consumed five beers that night, and had never consumed alcohol before. While speaking with the

_____

[2] Photographs depicting the accident scene, the splintered pole, the damaged vehicle, and the interior of the vehicle were admitted in evidence at trial.

officer, the defendant had "bloodshot, glassy eyes" and his breath smelled of "intoxicating liquor." When asked to produce a driver's license, the defendant handed the officer a Guatemalan identification card.

Based on his observations of the defendant, Officer Hulme administered field sobriety tests, including the "walk and turn" and the "one-leg stand." During the walk and turn test, the defendant executed an improper turn, wobbled off the straight line, and miscounted his steps. During the one-leg stand test, the defendant was "very unstable," threw his arms out to his sides, and put his foot down to stabilize himself. Officer Hulme concluded that the defendant "was drunk" and arrested him for operating a motor vehicle under the influence of liquor. During the ride to the police station for booking, the police cruiser began to smell of intoxicating beverages. Officer Hulme continued to smell the odor of an intoxicating beverage throughout the booking process.

Discussion. To sustain a conviction under G. L. c. 90, § 24 (1) (a) (1), for operating a motor vehicle under the influence of intoxicating liquor, the Commonwealth must establish that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) while under the influence of intoxicating liquor. See Commonwealth v. Palacios, 90 Mass. App. Ct. 722, 728 (2016). To sustain a conviction under G. L.

3

c. 90, § 24 (2) (a), for negligent operation of a motor vehicle, the Commonwealth must establish that the defendant (1) operated a motor vehicle, (2) on a public way, and (3) negligently, so that the lives or safety of the public might be endangered. Commonwealth v. Howe, 103 Mass. App. Ct. 354, 357 (2023).

The defendant first claims that the Commonwealth presented insufficient evidence that he operated a motor vehicle, the first element of both crimes, because his confession to that effect was uncorroborated. We disagree.

While it is true that a defendant's uncorroborated confession is insufficient by itself to prove guilt, the corroboration required to sustain a conviction is "quite minimal." Commonwealth v. Green, 92 Mass. App. Ct. 325, 327 (2017), quoting Commonwealth v. Villalta-Duarte, 55 Mass. App. Ct. 821, 826 (2002). To uphold a conviction, the standard "is merely that 'there be some evidence, besides the confession . . . that the crime was real and not imaginary.'" Commonwealth v. Costello, 411 Mass. 371, 374 (1991), quoting Commonwealth v. Forde, 392 Mass. 453, 458 (1984).

Here, there was ample evidence corroborating the defendant's confession that he had operated his uncle's vehicle and crashed into a pole. The defendant, who had a small laceration on his hand, was found at the accident scene standing near his uncle's heavily damaged vehicle, which had clearly

4

driven over the curb and collided with a pole.  Compare Commonwealth v. Hilton, 398 Mass. 63, 68 (1986) (manner in which car was parked, "half on street and half on the sidewalk, was evidence that it may have been driven by a driver under the influence of alcohol"); Commonwealth v. Manning, 41 Mass. App. Ct. 18, 21-22 (1996) (position of car on island in middle of intersection resting on top of toppled traffic control signal sufficient to corroborate defendant's confession to operation of vehicle).  There was an open bottle of beer inside the center console of the vehicle and a box containing empty beer bottles in the back seat.  The defendant exhibited classic signs of intoxication, including bloodshot, glassy eyes, an odor of intoxicating liquor emanating from his face, and poor performance on field sobriety tests.  See Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017).  This combination was sufficient to corroborate the defendant's confession to operating the vehicle and crashing into a pole. See Commonwealth v. O'Connor, 420 Mass. 630, 632 (1995) ("The finder of fact could infer operation from the facts and circumstances surrounding the accident and from the defendant's cooperation with the field sobriety tests").

The defendant also argues that the Commonwealth failed to present sufficient evidence to prove the third element of negligent operation of a motor vehicle -- namely, that the

5

defendant operated the vehicle "negligently, so that the lives or safety of the public might be endangered [quotation omitted]."  <u>Howe</u>, 103 Mass. App. Ct. at 357.  Again, we disagree.

The Commonwealth presented evidence that the defendant failed to exercise reasonable care when driving his uncle's vehicle where he admitted to drinking five beers, became intoxicated, and careened off the road, over a curb, through a chain barrier, and into a pole.  The crash caused "heavy front-end damage" to the vehicle and "[s]evere structural damage" to the pole.  As noted above, responding officers observed that the defendant was exhibiting classic signs of alcohol intoxication and he performed poorly on multiple field sobriety tests.  On this record, there was ample evidence from which the jury could conclude that the defendant failed to exercise sufficient care while driving in an area that the public commonly used.  See <u>Howe</u>, 103 Mass. App. Ct. at 359 ("reasonable jury could have concluded beyond a reasonable doubt, from the manner in which the collision occurred, the extent of the damage, and the defendant's admission, that negligent operation was the cause of this particular collision"); <u>Commonwealth</u> v. <u>Tantillo</u>, 103 Mass. App. Ct. 20, 26-27 (2023) (sufficient evidence of negligent operation where defendant admitted to car "accident" in which she struck pole, was disoriented and speaking slowly and

6

shakily, was unsteady on her feet, held onto car door for support, and had consumed medications that day).

Judgments affirmed.

By the Court (Neyman, Shin & Wood, JJ.[3]),

Clerk

Entered:  April 16, 2025.

---

[3] The panelists are listed in order of seniority.