NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

APPEALS COURT

23-P-1293

COMMONWEALTH

vs.

JENNIFER S. LALANNE.

MEMORANDUM AND ORDER OF DISMISSAL

The defendant was initially charged with leaving the scene of personal injury, in violation of G. L. c. 90, § 24 (2) (a 1/2) (1), operating under the influence of liquor, in violation of G. L. c. 90, § 24 (1) (a) (1), negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a), and a marked lanes violation, in violation of G. L. c. 89, § 4A. The Commonwealth proceeded to trial only on the operating under the influence charge. The other three charges were dismissed with the consent of the Commonwealth. After a bench trial, the defendant was convicted. She now appeals.

The defendant's primary argument is that the evidence was insufficient to support her conviction. We agree with the

defendant that there was insufficient evidence to support a finding a beyond a reasonable doubt that the defendant operated a motor vehicle while under the influence of alcohol.

The Commonwealth attempted to put in evidence indicating that the defendant had been involved in a two-car accident and had proceeded from there to a McDonald's parking lot. However, the judge excluded all evidence of the defendant's involvement in, or relationship to, the accident, on hearsay grounds. As a consequence, viewing the evidence in the light most favorable to the Commonwealth, the car was parked at a McDonald's with a "bent" front tire. There was no evidence how the vehicle got there, that the engine was warm, or of when it had last been driven.

The full scope of the evidence is well known to both parties and will not be repeated here, but its thinness is reflected in the Commonwealth's argument. It asserts that it proved beyond a reasonable doubt that the defendant operated a motor vehicle while intoxicated because "[a]t the McDonald's, the defendant admitted that the disabled vehicle was hers. . . . She was also the only one standing near it and she did not mention anyone else being in the car with her. . . ." There was also evidence, the Commonwealth points out, that the defendant had the keys to the car. Although Trooper Mastromattei, one of

2

the testifying witnesses, did not see the defendant with any car keys, the defendant repeatedly told Trooper Mastromattei that she wanted to drive her damaged car to a babysitting job. A rational trier of fact could infer that she had the keys to be able to do so.

The Commonwealth argues that, "[v]iewed together and in the light most favorable to the Commonwealth, this evidence is sufficient to prove beyond a reasonable doubt that the defendant operated a motor vehicle."

It is not sufficient to demonstrate that, assuming the defendant was intoxicated at the time the police encountered her, of which there was strong evidence, she had operated the motor vehicle while intoxicated. Owning a car, standing next to the car, having keys to a car, and insisting that one wants to drive away in the car while intoxicated do not demonstrate beyond a reasonable doubt that one has already driven the car while intoxicated. There was no evidence presented as to when the car had been driven or by whom.

In each of the cases cited by the Commonwealth, there was evidence of immediately recent operation of the vehicle. In Commonwealth v. Manning, 41 Mass. App. Ct. 18, 22 (1996), the vehicle was involved in an accident and was on an island in the middle of a roadway still smoldering. Likewise, in Commonwealth

3

v. Petersen, 67 Mass. App. Ct. 49, 52 (2006), the engine of the car was still warm.

To be sure, the defendant was in a parking lot of a McDonald's next to her car. It must have gotten there somehow, but there was no evidence as to when or who may have driven it. That the defendant was in the parking lot is not sufficient to prove beyond a reasonable doubt that she had operated the motor vehicle. Even if it were, it is not enough to show that she did so while intoxicated, even though she was intoxicated at the time of the police encounter.

Likewise, there was evidence that the car was disabled because the "tire" was "bent". But this is inadequate to establish, beyond a reasonable doubt, that the car was operated by an intoxicated person. (We note that there was no testimony that the wheel was bent, only the tire.)

There being an intoxicated owner of a vehicle immediately next to her car wanting to drive it, despite it being inoperable due to a bent tire, is not sufficient to prove beyond a reasonable doubt that she operated the vehicle while intoxicated, in the absence of any evidence as to when the car was most recently operated or by whom.

In light of our conclusion, we need not reach any of the defendant's other arguments. The judgment is reversed, the

4

finding is set aside, and judgment shall enter for the defendant.

So ordered.

By the Court (Rubin,
  D'Angelo & Smyth, JJ.[1]),

Clerk

Entered:  May 2, 2025.

---

[1] The panelists are listed in order of seniority.